UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET BEER,

              Plaintiff,                CIVIL ACTION NO. 11-12736

                v.                    DISTRICT JUDGE NANCY G. EDMUNDS

COMMISSIONER OF              MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

              Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8)**

      This matter is before the Court on Defendant Commissioner of Social Security's

("Defendant") motion to dismiss (Dkt. No. 8).  For the reasons set forth below, it is

**RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and that Plaintiff's

Complaint be dismissed with prejudice.

      ***A. Procedural History***

      Plaintiff filed applications for benefits under Titles II and XVI of the Social Security

Act on June 5, 2007, and received a partially favorable decision from an administrative law

judge on January 29, 2009.  Plaintiff filed a request for review of that decision by the

Appeals Council, which was denied on September 15, 2009.  Plaintiff then filed a timely

civil action in the U.S. District Court for the Eastern District of Michigan on October 6, 2009

(Case No. 09-13954).  After briefing by the parties, Magistrate Judge Virginia Morgan

issued a Report and Recommendation on June 30, 2010, recommending that the findings

and conclusions of the Commissioner be affirmed.  The Court adopted Magistrate Judge Morgan's recommendation on September 14, 2010, thus granting the Commissioner's Motion for Summary Judgement and affirming the ALJ's decision.  *See Beer v. Comm'r of Soc. Sec.*, No. 09-13954, 2010 WL 3633803 (E.D. Mich. Sept. 14, 2010).  There is no indication that Plaintiff appealed the Court's decision.  There is also no indication in the Agency's electronic records that Plaintiff filed  any subsequent applications or appeals of any determinations or decisions with the Agency (Declaration at ¶ 3(d)).  Plaintiff does, however, indicate in a letter (Dkt. No. 9) in response to Defendant's motion to dismiss that she seeks to "reopen" her Social Security case and then proceeds to reargue the positions previously ruled upon by the Court in Case No. 09-13954.

### B.  Analysis

Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), authorize

judicial review in cases arising under Title II of the Social Security Act.  Those provisions also make clear that they are the exclusive jurisdictional basis for judicial review.  Section 205(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 205(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or

> governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial

review is permitted only in accordance with section 205(g) of the Social Security Act. Accordingly, section 205(g) of the Social Security Act is the exclusive jurisdictional basis for judicial review in cases arising under the Act.

Simply put, this Court lacks jurisdiction in this case because Plaintiff has not identified any final decision of the Commissioner subject to judicial review under section 205(g) of the Social Security Act.  Plaintiff filed a previous civil action seeking judicial review of a final decision of the Commissioner (Case No. 09-13954).  However, after briefing by the parties, Plaintiff's cause of action was dismissed and the findings and conclusions of the Commissioner were affirmed.  *See Beer v. Comm'r of Soc. Sec.*, No. 09-13954, 2010 WL 3633803 (E.D. Mich. Sept. 14, 2010).  There is no record that Plaintiff filed a timely appeal.  *See* Fed. R. App. P. 4(a)(1)(A).

### C. Conclusion

Because Plaintiff has not identified any final decision of the Commissioner subject to judicial review pursuant to section 205(g) of the Social Security Act, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and that Plaintiff's Complaint be dismissed, with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 14, 2011

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 14, 2011, by electronic and/or first class U.S. mail.*

s/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*
(313) 234-5542

- 4 -